Clement Cheng (SBN# 198359)
NEWHOPE LAW, PC
4522 Katella Avenue #200
Los Alamitos, CA 90720
Tel: (714) 825-0555
Fax: (714) 825-0558
Email: law@clemcheng.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAILAI TING, an individual, | **CASE NO.:** |
| vs. | **COMPLAINT FOR DAMAGES** |
| GIZMO SUPPLY CO, a California Corporation, | **1. FEDERAL TRADEMARK INFRINGEMENT;** |
| Defendant. | **2. FALSE DESIGNATIONS OF ORIGIN AND FALSE ADVERTISING;** |
| | **3. COMMON LAW UNFAIR COMPETITION** |
| | **JURY TRIAL DEMANDED** |

Plaintiff TAILING TING ("Plaintiff"), for his claims against GIZMO SUPPLY CO. ("Defendant"), hereby complains and alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff files this action against Defendant for trademark infringement under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims of unfair competition under the statutory and common law of the State of California. This Court has subject matter jurisdiction over the Federal trademark counterfeiting and infringement claims pursuant to 28 U.S.C.A §§1121(a), 1331, 1338(a).

2. This Court has subject matter jurisdiction over the remaining claims pursuant to 28 U.S.C.A 1367, since those claims are related to and arise from the same set of facts as Plaintiff's trademark infringement claims.

3.   This Court has personal jurisdiction over Defendant because Defendant does business within this judicial district, and the acts complained of occurred in this judicial district.

4.   This action arises out of wrongful acts by Defendant within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. 1391 because the claims asserted arise in this district.

## THE PARTIES

5.   Plaintiff TAILING TING is an individual and resident of the State of California. Plaintiff is the owner of a corporation Calhome, Inc. d/b/a T-Motorports ("T-Motorsports"), which is duly organized and existing under the laws of the State of California, with a principal place of business in Pomona, California.

6.   Upon information and belief, Defendant GIZMO SUPPLY CO. ("Gizmo"), is a corporation duly organized and existing under the laws of the state of California, with an official corporate address listed with the California Secretary of State's office at 16027 Brookhurst Street, Suite I-512, Fountain Valley, CA 92708.  Gizmo also has an agent for service of process at 16027 Brookhurst Street, Suite I-512, Fountain Valley, CA 92708. Defendant also has a place of business at 262 S. 5th Avenue, La Puente, CA 91746-2900.

7.   Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, Defendant knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction, ratified and encouraged such acts and behavior.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8.   Plaintiff is the exclusive owner of the trademark "TMS" (the "TMS mark"), referenced by U.S. Registration No. 4,793,272 and also shown in 4,402,994.  Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff's Certificates of Registration for the TMS mark.  In connection with the TMS mark, Plaintiff sells vehicle related products such as heavy duty racks (the "vehicle racks") used on vehicles to haul large items.

9. Plaintiff personally designed various vehicle related products and began manufacturing and selling them in interstate commerce at least as early as March 20, 2012.

10. After registering the TMS mark, Plaintiff has continuously used the TMS mark in interstate commerce in association with the sale, distribution, and advertising of its goods through his business Calhome, Inc.

11. Plaintiff sells various models of the vehicle racks online on internet stores, including eBay and Amazon. Plaintiff's models of the vehicle racks include the TMS 48" Universal Car Wagon Aluminum Roof Top Rail Rack Cross Bars Luggage Carrier (the "48" Top Rail Rack") and the TMS 800 LB Adjustable Fit 2 Bars Utility Ladder Truck Pick up Rack Kayak Contractor Lumber Utility (the "800 LB Ladder Rack").

12. On average, the gross sales of the vehicle racks sold through Plaintiff's company amounts to over one-half million dollars each year. As such, the TMS mark and the goodwill associated therewith are valuable assets to Plaintiff and his business.

## DEFENDANT'S INFRINGING CONDUCT

13. In July of 2016, Plaintiff discovered that Defendant was offering for sale, and/or selling a confusingly copy of both the 48" Top Rail Rack and the 800 LB Ladder Rack without authorization or license on Amazon.com under the TMS mark and under the exact product name and description listed by Plaintiff's company on Amazon.com. Defendant even used Plaintiff's photographs of the 48" Top Rail Rack and the 800 LB Ladder Rack to offer for sale and/or to sell Defendant's vehicle racks on Amazon.com without Plaintiff's permission, consent or license. Attached hereto as Exhibit 2 and 3 are true and correct copies of screenshots showing Defendant's unauthorized use of Plaintiff's photos of the 48" Top Rail Rack and the 800 LB Ladder Rack on Amazon.com.

14. In August of 2016, Plaintiff and his company ordered from Defendant on Amazon.com a sample or test buy of Defendant's 800 LB Ladder Rack, which was listed on Amazon.com as TMS 800 LB Adjustable Fit 2 Bars Utility Ladder Truck Pick up Rack Kayak Contractor Lumber Utility (the "800 LB Ladder Rack") with Plaintiff's photograph of the

800 LB Ladder Rack.  When Defendant discovered that Plaintiff's company had ordered the merchandise, it tried to cancel the shipment.  However, UPS had already delivered the item to Plaintiff's company by the time Defendant tried to re-route the merchandise.  When confronted, Defendant lied, saying that Defendant was drop shipping Plaintiff's product, when in fact the product was actually coming from Defendant's warehouse.  Attached hereto as Exhibit 4 is a true and correct copy of email communication between Tiffany Ting and Gizmo Supply Co.

15. Upon inspecting the samples of Defendant's merchandise Plaintiff purchased from Amazon.com, Plaintiff and his company were able to inspect the merchandise and determine said merchandise to be an unlawful reproduction of Plaintiff's 800 LB Ladder Rack.

16. Plaintiff's counsel sent a cease and desist demand letter to Defendant on Amazon.com on August 25, 2016 demanding that Defendant stop the infringing conduct.  Attached hereto as Exhibit 5 is a true and correct copy of Plaintiff's cease and desist demand letter. However, Defendant ignored the cease and desist demand letter and continued to sell the infringing products to date.

17. Upon information and belief, Defendant's infringing activities are conscious, intentional and willful.

18. Plaintiff has never authorized Defendant to manufacture, distribute, advertise, offer for sale, and/or sell merchandise bearing the TMS marks.

19. Plaintiff has never permitted Defendant to use his photographs to advertise, offer for sale, and/or sell merchandise on Amazon.com.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement – 15 U.S.C. §1114)

20. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

21. U.S. Registration No. 4,793,272 and 4,402,994 are valid and in full force and effect.

22. Plaintiff has never authorized Defendant to sell merchandise with the TMS mark. Therefore, Defendant's use of the TMS mark is without permission or authority, and is in total disregard of Plaintiff's intellectual property rights to control and use his mark.

23. Defendant's unauthorized use and advertising of the TMS mark in interstate commerce constitutes false designation of origin and a false representation that Defendant's goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiff or come from the same source as Plaintiff's goods and are of the same quality as that assured by the TMS mark.

24. Defendant's activities are likely to lead to and result in confusion, mistake or deception and are likely to cause consumers, the public, or trade to believe that Plaintiff has produced, manufactured, sponsored, offered, authorized, licensed or otherwise affiliated with Defendant's company or business, to the detriment of Plaintiff.

25. Upon information and belief, Defendant's actions are deliberate, conscious, willful and intended to confuse the public as to the origin of Defendant's goods in order to reap the benefit of Plaintiff's goodwill associated with the TMS mark.

26. As a direct and proximate result of Defendant's infringing activities, Plaintiff has been injured and will continue to suffer injury to his business and goodwill unless Defendant is restrained by this Court from further infringing the TMS mark.

27. Defendant's actions have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

28. Based on the foregoing, Plaintiff is entitled to injunctive relief enjoining Defendant from continuing to use the TMS mark, and to recover from Defendant all damages, including the costs of this action pursuant 15 U.S.C. §1117(a), to attorneys' fees and treble damages pursuant to 15 U.S.C. §1117(b), and/or statutory damages pursuant to15 U.S.C. §1117(c), all of which have been or will be incurred as a result of Defendant's infringing acts.

## SECOND CLAIM FOR RELIEF

**(False Designation of Origin and False Advertising – 15 U.S.C. §1125(a))**

29. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

30. The TMS mark is a nonfunctional mark and serves to identify Plaintiff's products such as the vehicle racks.

31. Defendant's promotion, advertising, distribution, sale, and/or offering for sale of counterfeit TMS products, is intended and likely to confuse, mislead, deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of Defendant's products, and is intended and likely to cause such parties to believe in error that Defendant's counterfeit products have been authorized, sponsored, approved, endorsed or licensed by Plaintiff, or that Defendant is in some way affiliated with Plaintiff and the TMS mark.  Defendant engaged in passing off defendant's products as those of Plaintiff.

32. Defendant's use of the TMS mark is without permission or authority, and is in total disregard of Plaintiff's intellectual property rights to control and use his mark.

33. Defendant's actions have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

34. Based on the foregoing, Plaintiff is entitled to injunctive relief enjoining Defendant from continuing to use the TMS mark, and to recover from Defendant all damages, including the costs of this action pursuant 15 U.S.C. §1117(a), to attorneys' fees and treble damages pursuant to 15 U.S.C. §1117(b), and/or statutory damages pursuant to15 U.S.C. §1117(c), all of which have been or will be incurred as a result of Defendant's infringing acts.

## THIRD CLAIM FOR RELIEF

### (Common Law Unfair Competition)

35. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

36. Plaintiff owns and enjoys common law trademark rights to the TMS mark in California and throughout the United States.

37. Defendant's unlawful acts in appropriating rights in the TMS mark and using Plaintiff's photos were intended to cause likelihood of confusion and capitalize on Plaintiff's goodwill associated therewith for Defendant's own financial gain. Defendant engaged in passing off defendant's products as those of Plaintiff's.

38. Plaintiff has expended substantial time, resources and effort to build its goodwill and a good reputation for his brand.

39. As a result of Plaintiff's efforts, Defendant is now unjustly enriched and benefiting from property rights that rightfully belong to Plaintiff.

40. Defendant's unauthorized use of the TMS mark and photos has caused and is likely to cause confusion as to the source of Defendant's products, all to the detriment of Plaintiff.

41. Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Plaintiff.

42. Defendant's acts constitute unfair competition under California common law.

43. Plaintiff has been irreparably harmed and will continue to be irreparably harmed as a result of Defendant's unlawful acts unless Defendant is permanently enjoined from its unlawful conduct.

44. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiff in reckless disregard of Plaintiff's right such that it supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendant and to deter them from similar such conduct in the future.

45. Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

46. In light of the foregoing, Plaintiff is entitled to injunctive relief enjoining Defendant from using the TMS mark and Plaintiff's photos, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain and all gains, profits and advantages obtained by Defendant as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

1    WHEREFORE, Plaintiff prays for judgment as follows:

2    1. Granting temporary, preliminary and permanent injunctive relief restraining and

3    enjoining Defendant, its officers, agents, employees, and affiliates from:

4    (a) manufacturing, importing, advertising, marketing, promoting, supplying, distributing,

5    offering for sale, or selling any products which bear the TMS mark, or any other mark confusingly

6    similar thereto;

7    (b) engaging in any other activity constituting unfair competition with Plaintiff, or acts and

8    practices that deceive consumers, the public, and/or trade;

9    (c) committing any other act which falsely represents or which has the effect of falsely

10   representing that the goods and services of Defendant are licensed by, authorized by, offered by,

11   produced by, sponsored by, or in any other way affiliated with Plaintiff;

12   (d) designing, copying, reproducing, displaying, promoting, advertising, distributing, or

13   selling, or any other form of dealing or transaction in, any and all advertising and promotional

14   materials, print media, signs, Internet websites, or any other media, bearing any design or mark

15   which infringes upon Plaintiff's rights in the photographs of the vehicle racks at issue.

16   2. Ordering Defendant to recall from any distributors and retailers and to deliver to

17   Plaintiff for destruction or other disposition all remaining inventory of all infringing products,

18   including all advertisements, promotional and marketing materials related thereto;

19   3. Ordering an accounting by Defendant of all gains, profits and advantages derived from

20   its wrongful acts;

21   4. Awarding Plaintiff all of Defendant's profits and all damages sustained by Plaintiff as a

22   result of Defendant's wrongful acts, and such other compensatory damages as the Court

23   determines to be fair and appropriate pursuant to 15 U.S.C. 11 1117(a);

24   5. Awarding treble damages in the amount of Defendant's profits or Plaintiff's damages,

25   whichever is greater, for willful infringement pursuant to 1514 U.S.C. 1117(b);

26   6. Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15

27   U.S.C. 1117(b);

28   7. Awarding Plaintiffs' statutory damages pursuant to 15 U.S.C. §1117(c);

8. That Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff TAILING TING demands trial by jury of all issues so triable under the law.

Dated:   Sept 12, 2016                    Clement Cheng, Esq. for Plaintiff Tailai Ting

X: _____ (Bar # 198,359)

NEWHOPE LAW, PC
4522 Katella Avenue #200
Los Alamitos, CA 90720
Tel: (714) 825-0555
Fax: (714) 825-0558
Email: law@clemcheng.com

Exhibit 1

# United States of America

## United States Patent and Trademark Office

# TMS

**Reg. No. 4,793,272**

**Registered Aug. 18, 2015**

**Int. Cls.: 7, 8, 9, 11, 12, 18, 22, 27 and 28**

**TRADEMARK**

**PRINCIPAL REGISTER**

TING, TAILAI (UNITED STATES INDIVIDUAL)
4391 BENNINGTON CT
CHINO, CA 91710

FOR: ELECTRICALLY-POWERED KITCHEN APPLIANCE FOR DICING, MINCING, IN CLASS 7 (U.S. CLS. 13, 19, 21, 23, 31, 34 AND 35).

FIRST USE 2-10-2014; IN COMMERCE 2-10-2014.

FOR: HAND-OPERATED CUTTING TOOLS, NAMELY, BOX CUTTERS; HAND-OPERATED CUTTING TOOLS, NAMELY, SAFETY CUTTERS, IN CLASS 8 (U.S. CLS. 23, 28 AND 44).

FIRST USE 10-25-2013; IN COMMERCE 10-25-2013.

FOR: AUDIO SPEAKERS; CAMERA CASES; CAMERA STRAPS; COMPUTER KEYBOARDS; COMPUTER MOUSE; SCALES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 3-20-2012; IN COMMERCE 3-20-2012.

FOR: FIREPLACES; LAMPS; OUTDOOR LIGHTING, NAMELY, PAVER LIGHTS; SOLAR LIGHT FIXTURES, NAMELY, INDOOR AND OUTDOOR SOLAR POWERED LIGHTING UNITS AND FIXTURES; SOLAR POWERED LAMPS; PORTABLE STOVES, IN CLASS 11 (U.S. CLS. 13, 21, 23, 31 AND 34).

FIRST USE 12-9-2011; IN COMMERCE 12-9-2011.

FOR: BICYCLE CARRIERS FOR VEHICLES; BICYCLES; RACKS FOR VEHICLES FOR LUGGAGE; ROOF RACKS, IN CLASS 12 (U.S. CLS. 19, 21, 23, 31, 35 AND 44).

FIRST USE 3-20-2012; IN COMMERCE 3-20-2012.

FOR: ALL PURPOSE SPORT BAGS; HIKING BAGS; ELECTRONIC PET COLLARS; HIKING STICKS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 2-18-2014; IN COMMERCE 2-18-2014.

FOR: HAMMOCKS, IN CLASS 22 (U.S. CLS. 1, 2, 7, 19, 22, 42 AND 50).

Director of the United States
Patent and Trademark Office

**Reg. No. 4,793,272**  FIRST USE 4-17-2012; IN COMMERCE 4-17-2012.

FOR: GYMNASTIC MATS, IN CLASS 27 (U.S. CLS. 19, 20, 37, 42 AND 50).

FIRST USE 10-25-2013; IN COMMERCE 10-25-2013.

FOR: EXERCISING EQUIPMENT, NAMELY, POWERED TREADMILLS FOR RUNNING, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 7-3-2014; IN COMMERCE 7-3-2014.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 4,402,994.

SER. NO. 86-368,523, FILED 8-15-2014.

CASSONDRA ANDERSON, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office

# TMS

**Reg. No. 4,402,994**

**Registered Sep. 17, 2013**

**Int. Cl.: 12**

**TRADEMARK**

**PRINCIPAL REGISTER**

TING, TAILAI (UNITED STATES INDIVIDUAL)
4391 BENNINGTON CT
CHINO, CA 91710

FOR: ADHESIVE FOAM PADS SPECIALLY ADAPTED FOR MOTORCYCLE GAS TANKS FOR RIDER PROTECTION; BELLS FOR MOTORCYCLES; BRAKE DISCS FOR MOTOR-CYCLES; ELECTRIC MOTORCYCLES; FITTED MOTORCYCLE COVERS; FITTED PLASTIC LINER AND SUPPORT PANELS FOR MOTORCYCLE SADDLEBAGS; HOLDER USED TO MOUNT A SURFBOARD TO A MOTORCYCLE; HUBS FOR VEHICLE WHEELS (MOTOR-CYCLES); LUGGAGE SPECIALLY ADAPTED FOR USE ON MOTORCYCLES; MECHANICAL SOUND-MAKING DEVICES THAT ARE MOUNTED ON THE FORKS OF A BICYCLE TO PRODUCE MOTORCYCLE-LIKE SOUNDS AS THE BICYCLE MOVES; METAL STANDS FOR HOLDING STATIONARY MOTORCYCLES IN AN UPRIGHT POSITION; MOTORCYCLE ACCESSORIES, NAMELY, FRONT AND SIDE PLATES; MOTORCYCLE ACCESSORIES, NAMELY, GAS TANK AND RADIATOR SHROUDS; MOTORCYCLE AND AUTOMOBILE STRUCTURAL PARTS, NAMELY, SUMPGUARDS; MOTORCYCLE BAGS, NAMELY, TANK BAGS, SADDLE BAGS, SISSY BAR BAGS AND TAIL BAGS; MOTORCYCLE DRIVE CHAINS ; MOTORCYCLE ENGINES; MOTORCYCLE FOOT PEGS; MOTORCYCLE GRIP TAPE; MOTORCYCLE KICKSTANDS; MOTORCYCLE PARTS, NAMELY, BRACKETS FOR MOUNTING MOTORCYCLE SADDLEBAGS TO MOTORCYCLES; MOTORCYCLE PARTS, NAMELY, CHROMED SAFETY PADS; MOTORCYCLE PARTS, NAMELY, HEEL GUARDS; MOTORCYCLE SADDLEBAGS; MOTORCYCLE SIDECARS; MOTORCYCLE SPROCKETS; MOTORCYCLE TRIKE CONVERSION KITS FOR CONVERTING A TWO-WHEELED MO-TORCYCLE INTO A THREE-WHEELED MOTORCYCLE; MOTORCYCLES; MOTORCYCLE AND STRUCTURAL PARTS THEREFOR; MOTORCYCLES FOR MOTOCROSS; PANNIER BAGS FOR MOTORCYCLES; PARTS OF MOTORCYCLES, NAMELY, BRAKE CABLES; PARTS OF MOTORCYCLES, NAMELY, BRAKE CALIPERS; PARTS OF MOTORCYCLES, NAMELY, BRAKE LEVERS; PARTS OF MOTORCYCLES, NAMELY, BRAKE MASTER CYLINDER ASSEMBLIES; PARTS OF MOTORCYCLES, NAMELY, BRAKE PEDALS; PARTS OF MOTORCYCLES, NAMELY, BRAKE ROTORS; PARTS OF MOTORCYCLES, NAMELY, CLUTCH CABLES; PARTS OF MOTORCYCLES, NAMELY, CLUTCH MASTER CYLINDER ASSEMBLIES; PARTS OF MOTORCYCLES, NAMELY, FORK BEARINGS AND RACES; PARTS OF MOTORCYCLES, NAMELY, FORK DUST BOOTS; PARTS OF MOTORCYCLES, NAMELY, FORK SEALS; PARTS OF MOTORCYCLES, NAMELY, FRONT DASH PANELS; PARTS OF MOTORCYCLES, NAMELY, FRONT SPACERS; PARTS OF MOTORCYCLES, NAMELY, HANDLE BAR CONTROL LEVERS; PARTS OF MOTORCYCLES, NAMELY, HANDLE BAR DAMPERS; PARTS OF MOTORCYCLES, NAMELY, HANDLE BAR GRIPS;



Deputy Director of the United States Patent and Trademark Office

**Reg. No. 4,402,994**   PARTS OF MOTORCYCLES, NAMELY, HANDLE BAR THROTTLES; PARTS OF MOTOR-
CYCLES, NAMELY, HANDLE BARS; PARTS OF MOTORCYCLES, NAMELY, HEADLIGHT
MOUNTS; PARTS OF MOTORCYCLES, NAMELY, MASTER CYLINDERS; PARTS OF
MOTORCYCLES, NAMELY, SHIFT LEVERS; PNEUMATIC TYRES AND INNER TUBES
FOR MOTORCYCLES; SHOCK ABSORBERS FOR MOTORCYCLES; SISSY BARS FOR
MOTORCYCLES; STRUCTURAL PARTS FOR MOTORCYCLES, IN CLASS 12 (U.S. CLS.
19, 21, 23, 31, 35 AND 44).

FIRST USE 1-1-2008; IN COMMERCE 1-1-2008.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,355,833.

SER. NO. 85-836,969, FILED 1-30-2013.

DAVID TAYLOR, EXAMINING ATTORNEY

Exhibit 2



‹ Return to product information   Have one to sell?   Every purchase on Amazon.com is protected by an A-to-z guarantee.   Feedback on this page? Tell us what you think

**TMS 800 LB Adjustable Fit 2 Bars Utility Ladder Truck Pick up Rack Kayak Contractor Lumber Utility**
by TMS
★★★★½ ▾ 493 customer reviews   Share
Compare   Offers for this product   Offers for this product and similar products

| Price + Shipping | Condition (Learn more) | Delivery | Seller Information | Buying Options |
|---|---|---|---|---|
| **$114.95** & FREE Shipping + $0.00 estimated tax | New | • **Arrives between September 7-12.** • Want it delivered Tuesday, September 6? Choose Two-Day Shipping at checkout. • Shipping rates and return policy. | **TMS Warehouse** ★★★★★ 99% positive over the past 12 months. (43,134 total ratings) | Add to cart or Sign in to turn on 1-Click ordering. |
| **$119.95** ✓Prime + $0.00 estimated tax | New | FULFILLMENT BY AMAZON • Free Two-Day Shipping. Get it Friday, September 2 / order within 13hr 50min ) • Shipping rates and return policy. | **TMS Warehouse** ★★★★★ 99% positive over the past 12 months. (43,134 total ratings) | Add to cart or Turn on 1-Click to use your Amazon Prime benefits. |
| **$138.99** & FREE Shipping + $12.51 estimated tax | New | • **Arrives between September 8-15.** • Want it delivered Monday, September 12? Choose Standard Shipping at checkout. • Shipping rates and return policy. | **Gizmo Supply Co.** ★★★★★ 100% positive over the past 12 months. (240 total ratings) | Add to cart or Sign in to turn on 1-Click ordering. |
| **$139.50** & FREE Shipping + $0.00 estimated tax | New | • **Arrives between September 7-12.** • Want it delivered Thursday, September 8? Choose Expedited Shipping at checkout. • Shipping rates and return policy. | **9sparts** ★★★★★ 99% positive over the past 12 months. (2,071 total ratings) | Add to cart or Sign in to turn on 1-Click ordering. |

Exhibit 3

TMS 800 LB Adjustable Fit 2 Bars Utility Ladder Truck Pick up Rack Kayak Contractor Lumber Utility

$139.99 & FREE Shipping   Only 7 left in stock. Ships from and sold by Gizmo Supply Co..

[Add to Cart]

## Special Offers and Product Promotions

• Get a $50.00 Amazon.com Gift Card loaded to your Amazon.com Account within 3 days following approval for the **Discover it® card**. Terms and conditions apply. See offer for details. Apply now.

## Product Information

### Technical Details

| | |
|---|---|
| Brand | TMS |
| Item Weight | 50.4 pounds |
| Product Dimensions | 51 x 26.2 x 1.5 inches |
| Item model number | PICK-UP-RACK |
| Manufacturer Part Number | PICK-UP-RACK |
| Folding | No |

### Additional Information

| | |
|---|---|
| ASIN | B009VOQ05U |
| Customer Reviews | ★★★★☆ ▾   403 customer reviews<br>4.4 out of 5 stars |
| Best Sellers Rank | #15,090 in Automotive (See top 100)<br>#3 in Automotive > Exterior Accessories > Truck Bed & Tailgate Accessories > Ladder Rack |
| Shipping Weight | 50.4 pounds (View shipping rates and policies) |
| Domestic Shipping | Currently, item can be shipped only within the U.S. and to APO/FPO addresses. For APO/FPO shipments, please check with the manufacturer regarding warranty and support issues. |
| International Shipping | This item is not eligible for international shipping. Learn More |
| Date First Available | October 23, 2012 |

### Warranty & Support

**Product Warranty:** For warranty information about this product, please click here

Exhibit 4

**Tiffany Ting** <tiffany.l.ting@gmail.com>

to Gizmo

6:03 PM (17 hours ago)

Not sure what you're talking about Gizmo. I tried calling your office at 2:52PM today to talk to customer service. Nobody picked up and I have the call log to prove it.

Also, I got the package on Friday and I have the box with your label to prove it. I gave the tracking number to Amazon and they were able to verify that it was shipped AND they even mentioned there was an attempted package re-route by the seller on Friday. Weird, because I didn't request an address change. Sounds like you are the one playing games here.

**Gizmo Supply Co. - Amazon Marketplace**

to me

6:17 PM (17 hours ago)

I'm not going to waste my time going back and forth with you. When I saw your order, another vendor told me you were tms/buy4easy. With that information I have been in contact with seller performance about a potential problem with your order and to no one surprise here's an a to z claim.

Your order has not shipped, in fact I'm drop shipping an order from you (TMS) to yourself. You can keep playing games, I'm confident that this is figured out. You have a high profile selling account, not sure why you would risk being shut down to mess with me, but I'm just letting you know that seller performance is aware so if you want to continue than be my guest.

On Aug 29, 2016 6:08 PM, "Tiffany Ting - Amazon Marketplace" <[e-mail address removed]> wrote:

Not sure what you're talking about Gizmo. I tried calling your office at 2:52PM today to talk to customer service. Nobody picked up and I have the call log to prove it.

Also, I got the package on Friday and I have the box with your label to prove it. I gave the tracking number to Amazon and they were able to verify that it was shipped AND they even mentioned there was an attempted package re-route by the seller on Friday. Weird, because I didn't request an address change. Sounds like you are the one playing games here.

Exhibit 5

**law**

---

**From:**  Ava Chow [avachow.law@gmail.com]
**Sent:**  Friday, September 09, 2016 1:53 PM
**To:**  law
**Subject:** Fwd: Your e-mail to Gizmo Supply Co.

Here is the cease and desist letter to Gizmo Supply Co.

Ava
---------- Forwarded message ----------
From: **Amazon.com** <auto-communication@amazon.com>
Date: Thu, Aug 25, 2016 at 1:52 PM
Subject: Your e-mail to Gizmo Supply Co.
To: avachow.law@gmail.com


Here is a copy of the e-mail that you sent to Gizmo Supply Co.. Please allow 2 business days for the seller to respond.

------------- Begin message -------------

Dear Gizmo Supply Co.:

Please be advised that this office represents Calhome, Inc., d/b/a T-Motorsports ("T-Motorsports") in its intellectual property matters. T-Motorsports is the exclusive registered owner of U.S. Design Patent No. D722,007 ("the '007 Patent") and the TMS trademark referenced by U.S. Registration No.4,402,994. My client's intellectual property rights are valuable to its goodwill and business reputation. It is therefore a priority to protect these intellectual property rights vigorously.

It has come to my attention that your company is unlawfully using intellectual property belonging to my client, without my client's authorization, to offer for sale and advertise your company products on Amazon.com. Your conduct appears to constitute criminal and civil violations of federal and common law as explained below.

You company is manufacturing, importing, distributing and/or selling a utility ladder truck rack ("truck rack") on Amazon.com that appears to infringe on the '007 Patent. Your listing of this product can be viewed at https://www.amazon.com/gp/offer-listing/B009VOQ05U/ref=sr_1_1_olp?ie=UTF8&qid= 1471643707&sr=8-1&keywords=B009VOQ05U&condition=new  This truck rack appears to be nearly identical to the '007 Patent.

Your conduct on Amazon.com also appears to infringe the trademark rights of my client. Specifically, your company is using T-Motorsports' registered trademark TMS to sell and advertise the truck rack on Amazoncom. Your unauthorized sale and advertisement of your products using a registered trademark may constitute trademark infringement, unfair competition, and dilution.

Additionally, your company is unlawfully and without permission copying, distributing, publicly displaying, and creating a derivative work from T-Motorsports' copyrighted photograph by listing the truck rack. This unlawful conduct infringes my client's exclusive copyrights, as T-Motorsports is the

owner of copyrights of various photographs of products associated with the TMS mark. Under state and federal laws, T-Motorsports' copyrights have been in effect since the date the photographs were created and are therefore protected under copyright laws. Copyright infringement carries both civil and criminal penalties. Under federal statute 17 U.S.C. Section 504, a violation of copyright infringement is subject to statutory damages in the amount of $750 to $30,000 per copyrightable work. If it is found that your copyright infringement is willful, you could be liable for statutory damages in the amount of $150,000 per work.

Additionally, your company's offer for sale and advertising of the item with the TMS mark on Amazon.com is an illegal reproduction of T-Motorsports' products. Sale of counterfeit products is a serious criminal and civil violation of federal and state law. A criminal conviction could lead to lengthy imprisonment. Damages awarded in a civil lawsuit would include actual damages, unlawful profits, treble damages, attorney's fees and statutory damages up to $250,000 per counterfeit goods. Additionally, the willful sale of counterfeit items could expose you to liability in the amount of $2,000,000.

For the reasons stated above, my client formally demands that you immediately cease and desist from any and all distribution, sale or advertisement of this truck rack. You must remove your listing of the counterfeit items from Amazon.com no later than August 29, 2016. Please be informed that we may contact Amazon.com in order to open an investigation of your conduct on the basis that your company violates Amazon's anti-counterfeiting and infringement policy.

Sincerely,

Ava Chow


------------- End message -------------

For Your Information: To help arbitrate disputes and preserve trust and safety, we retain all messages buyers and sellers send through Amazon.com for two years. This includes your response to the message above. Amazon.com uses filtering technology to protect buyers and sellers from possible fraud. Messages that fail this filtering will not be transmitted.

We want you to buy with confidence anytime you purchase products on Amazon.com. Learn more about Safe Online Shopping (http://www.amazon.com/gp/help/customer/display.html?nodeId=551434) and our safe buying guarantee (http://www.amazon.com/gp/help/customer/display.html?nodeId=537868).


--
Sincerely,

Ava Chow, Esq.
Attorney at Law
2271 W. Malvern Avenue, #252
Fullerton, CA 92833
Telephone: (949) 300-2574
Facsimile: (949) 861-6170
E-mail: avachow.law@gmail.com

*Licensed in MA and CA.*

CONFIDENTIALITY NOTICE:  This message is intended solely for the person(s) to whom it is addressed and it may contain legally privileged and/or confidential information.  This message may contain material that is protected by the attorney-client privilege and/or attorney work-product doctrine.  If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution, or copying of this message is strictly prohibited by law.  If you have received this message in error, please immediately notify the sender at (949) 300-2574 and delete this message and destroy any and all copies thereof.